UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCEL KING CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS and BAD BOY ENTERTAINMENT LLC,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br>26-CV-04011 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On June 29, 2026, Plaintiff Vincel King Chambers,[1] currently incarcerated in Missouri, filed this *pro se* action against Defendants Sean Combs and Bad Boy Entertainment LLC pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1 ("Compl.").[2] Plaintiff's application to proceed *in forma pauperis* ("IFP") is GRANTED pursuant to 28 U.S.C. § 1915. *See* ECF No. 4. However, for the reasons stated below, the Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction with leave to amend by September 28, 2026.

---

[1] Plaintiff filed a substantially similar action against Sean Combs, which was dismissed for lack of subject matter jurisdiction on November 18, 2025. *See Chambers v. Combs*, No. 25-cv-04203, 2025 WL 3715506, at *1 (E.D.N.Y. Nov. 18, 2025). Plaintiff appealed the decision to the Second Circuit Court of Appeals, which dismissed the appeal as lacking an arguable basis in law or fact. *Chambers v. Combs*, No. 25-cv-04203, ECF No. 25.

[2] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise indicated, when quoting cases and the Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.

## BACKGROUND[3]

Plaintiff alleges that he met Defendant Combs in July 2007, when Plaintiff was 15 years old and visiting family in Brooklyn, New York. *See* Compl. at 5. He further alleges that Defendant Combs drove him to a hotel, offered him alcohol that Plaintiff now believes contained "date rape drugs," and raped him. *Id.* at 6. Afterward, Defendant Combs threatened him with a gun and told him that "[he] better not say [] anything to anyone" and that if he did, he could make Plaintiff "disappear." *Id.* at 6–7. Plaintiff alleges that, because of the sexual assault, he now suffers from physical pain, serious psychological damage, schizophrenia, major depressive disorder, nightmares, PTSD, and bipolar disorder. *Id.* at 8. Plaintiff seeks $2,250,000.00 in monetary damages. *Id.*

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. Of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66,

---

3 The Court draws the following facts from the Complaint. The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court is required to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Federal courts have limited subject matter jurisdiction. Under 28 U.S.C. §§ 1331 and 1332, federal jurisdiction is only available when either a "federal question" is presented, or there is complete diversity between the parties and the amount in controversy exceeds $75,000. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Here, Plaintiff invokes the Court's federal question jurisdiction and diversity of citizenship jurisdiction, but his claims are insufficient to establish jurisdiction under either §§ 1331 or 1332.

### I. Federal Question Jurisdiction

A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "a well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983); *Moore v. Brooklyn Hosp. Ctr.*, No. 22-cv-04208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022). A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Plaintiff asserts that his bases for federal question jurisdiction are assault and battery, sexual assault, false imprisonment, negligence, and negligent infliction of emotional distress.

Compl. at 4. However, even construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), these state-law claims do not provide a basis for federal question jurisdiction because they do not arise under the Constitution or any federal law. *See* 28 U.S.C. § 1331. Because the Court lacks federal question jurisdiction, it can adjudicate these claims only if it has diversity jurisdiction.

**II. Diversity Jurisdiction**

Under the diversity statute, federal courts have subject matter jurisdiction over claims when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Goddard v. Fiore*, No. 24-cv-5943, 2024 WL 4515284, at *1 (E.D.N.Y. Oct. 17, 2024).

Plaintiff's attempt to establish diversity jurisdiction is deficient in several respects. First, an individual's "citizenship," for diversity purposes, is determined by his domicile. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Domicile means "the place where a person has his true fixed home and principal establishment, and to which whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948. "Residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). An individual may have multiple residences, but "[a]t any given time, a person has but one domicile." *Palazzo*, 232 F.3d at 42; *see also Van Buskirk*, 935 F.3d at 54. "Where an individual is incarcerated, there is a rebuttable presumption that the individual retains his preincarceration domicile." *Carzoglio*

*v. Klimek*, No. 24-cv-2654, 2024 WL 3346020, at *2 (S.D.N.Y. July 8, 2024); *Poucher v. Intercounty Appliance Corp.*, 336 F.Supp.2d 251, 253–54 (E.D.N.Y. 2004) ("[T]he prisoner retains his preincarceration domicile.").

Plaintiff alleges that he is a citizen of Missouri, Defendant Combs is a citizen of Florida, and Defendant Bad Boy Entertainment LLC is a citizen of New York. *See* Compl. at 2. However, he does not provide his preincarceration domicile. Although Plaintiff is currently being held in Missouri, his incarceration there is insufficient to establish citizenship in that state.

As to Defendant Combs, Plaintiff asserts that he is a citizen of Florida without providing any evidence for that assertion. To determine an individual's domicile, courts consider numerous factors, including "current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." *Ritter v. Rubin*, No. 25-cv-2124, 2025 WL 3533277, at *1-2 (E.D.N.Y. Dec. 9, 2025). Plaintiff failed to provide a single piece of evidence in support of Defendant Combs's alleged Florida citizenship.

With respect to Defendant Bad Boy Entertainment LLC, Plaintiff provides an address in Albany, New York. However, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *P.C. Richard & Son Long Island Corp. v. Zieta Techs.*, No. 2:26-cv-01202, 2026 WL 960470, at *1 (E.D.N.Y. Apr. 8, 2026). Here, Plaintiff fails to identify the LLC's members and to plead their citizenship. Therefore, it is impossible for the Court to determine if complete diversity exists. *See Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18

(2d Cir. 2014) (complete diversity requires that all plaintiffs be citizens of states diverse from those of all defendants).

Even if the parties were diverse, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be nonspeculative to satisfy the statute. Here, Plaintiff seeks $2,250,000.00 in damages but provides little factual support for that figure, and at least one potential theory of recovery appears time-barred.

**CONCLUSION**

For the reasons set forth above, the Complaint, filed *in forma pauperis* ("IFP"), is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, and because leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), the Court grants Plaintiff leave to amend his Complaint to establish the citizenship and amount in controversy requirements for diversity jurisdiction and to set forth why his state-law claims are not time-barred.[4] If Plaintiff does not file an amended complaint[5] on or before September 28, 2026, the Court will direct the Clerk of Court to issue judgment and close this case.

---

4 These state-law claims all appear to be time-barred notwithstanding New York's Child Victims Act ("CVA"), N.Y. CPLR § 214-g, which created a revival window for adult survivors of childhood sexual offenses to bring otherwise time-barred civil claims for personal injuries arising from the underlying sexual conduct. *See Parker v. Alexander*, 171 F.4th 146, 149 (2d Cir.), *certified question accepted*, 278 N.E.3d 441 (N.Y. 2026). The revival window to bring a claim under the CVA ran from August 14, 2019, to August 14, 2021. *Id.* If Plaintiff plans to file an amended complaint, he shall address why his state-law claims are not time-barred.

5 Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 28, 2026

original complaint. Moreover, any amended complaint Plaintiff chooses to file must be captioned "Amended Complaint" and bear the same docket number as this Order.